[Cite as *Zilko v. Zilko*, 2011-Ohio-2140.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID ZILKO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee/Cross-Appellant | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 10-CA-015 |
| LISA ZILKO | |
| Defendant-Appellant/Cross-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland County Court of Common Pleas, Domestic Relations Division, Case No. 08-DIV-235 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 4, 2011 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JAMES M. RICHARD<br>Richard Law Office LLC<br>127 East Liberty Street, Suite 100<br>P.O. Box 1207<br>Wooster, Ohio 44691 | JOSEPH P. KEARNS, JR.<br>Mason, Mason & Kearns<br>P.O. Box 345<br>153 West Main Street<br>Ashland, Ohio 44805 |

*Hoffman, P.J.*

{¶1}   Defendant-appellant/cross-appellee Lisa Zilko ("Wife") appeals the May 13, 2010 Judgment Entry-Decree of Divorce entered by the Ashland County Court of Common Pleas, Domestic Relations Division, relative to the trial court's calculation of child support as well as its decision not to award spousal support.   Plaintiff-appellee/cross-appellant David Zilko ("Husband") appeals the same relative to the trial court's division of the marital debts and assets.

STATEMENT OF THE FACTS AND CASE

{¶2}   Husband and Wife were married on June 5, 1993, in Parma, Ohio.  Two children were born as issue of said marriage, to wit:  Jamie Lynn Zilko (DOB 1/4/97) and Timothy Allen Zilko (DOB 1/3/99).  Husband filed a complaint for divorce on October 20, 2008.  Wife filed a timely answer and counterclaim.  The trial court issued temporary orders ordering the parties to pay their individual living expenses.  Husband also was ordered to pay child support in the amount of $381.58/month for both children.  In addition, Husband was responsible for all expenses related to the marital residence, all expenses of the parties' business, and the payment for the parties' vehicles.  The trial court ordered Wife to pay her credit card indebtedness.  The matter came on for final hearing on February 17 and 25, 2010.

{¶3}   When the parties married, Husband worked as an unskilled laborer.  In 1995, the parties purchased a 50% share in Hilltop Villa, a home for disabled veterans, and the land upon which the facility is located from Ronald and Terry Kaufman.  The parties and the Kaufmans set up two Ohio corporations in association with the purchase.  Hilltop Villa Enterprises, Inc. served as the operational company.  K & Z

Properties, Inc. owned the real estate, which it rented to Hilltop Villa. The monthly rent Hilltop Villa paid to K & Z Properties was between $3,000.00 and $4,000.00/month. In 2002, the parties bought out the Kaufmans' half of the business for $143,500.00, by way of share redemption agreements. Of the purchase price, $137,000.00 was allocated to the real estate, and $6,500.00 was allocated to the business.

{¶4} As the division of property was at issue at trial, each party presented his/her own expert to offer evidence of the value of the business. Jack Gant, a broker/real estate salesman testified on behalf of Husband. Gant stated he was unable to do an income evaluation of the business because the home was not continually occupied as each veteran is there on a thirty day basis. Gant placed the value of the property in today's market between $120,000.00 and $130,000.00. Gant explained the $10,000 price range was due to the uniqueness of the property. For example, a 2000 gallon heating fuel storage tank was buried on the property and an environmental investigation would be required prior to a bank loaning money to an individual to purchase the business. Wife offered an appraisal prepared by Robert Race in November, 2001, which the parties used to set the price for their buyout for the Kaufmans' share of the business. Race appraised the business and land at $283,000.00.

{¶5} Husband received a yearly salary of $33,000.00 from Hilltop Villa Enterprises. K & Z Properties paid $2,100.00/month to the Kaufmans on the land contract debt. A Schedule K-1 IRS tax form reported K & Z Properties had a net income of $23,194.00 in 2008.

**{¶6}** On April 26, 2010, the trial court issued its decision. The trial court awarded the business to Husband, valuing such at $130,000.00, and assessing the liability on the Kaufman note ($60,582.00) to Husband as well. The trial court denied Wife's request for spousal support. The trial court further ordered Husband to pay child support in the amount of $222.71/child/month plus poundage. The trial court utilized a figure of $33,000.00 as Husband's self-employment income.

**{¶7}** Via Judgment Entry-Decree of Divorce filed May 13, 2010, the trial court granted each party a divorce on the ground of incompatibility. The trial court allocated parental rights and responsibilities, naming Wife as the residential parent of the children. The trial court ordered Husband to pay Wife $450.33/month as and for child support. The trial court awarded Husband all interest in K & Z Properties and Hilltop Villa Enterprises. Husband was also ordered to assume the entire unpaid balance due and owing on the promissory note due to the Kaufmans. Additionally, Husband was solely responsible for "all business indebtedness pertaining to Hilltop Villa Enterprises, Inc. and K & Z Properties, Inc., including, but not limited to, any charge card indebtedness." May 13, 2010 Judgment Entry-Decree of Divorce section 6 (A)(VIII).

**{¶8}** It is from this judgment entry Wife appeals, raising the following assignments of error:

**{¶9}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT INCLUDING OTHER INCOME OF THE APPELLEE IN COMPUTING CHILD SUPPORT.

**{¶10}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT AWARDING THE APPELLANT SPOUSAL SUPPORT."

**{¶11}** Husband cross-appeals the same, asserting the following errors:

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY OMITTING AN AGREED TO BUSINESS DEBT IN DETERMINING THE TOTAL DIVISION OF PROPERTY AND DEBT ORDER.

{¶13} "II. THE TRIAL COURT'S CALCULATION OF THE TOTAL DIVISION OF PROPERTY AND DEBT ORDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

Appeal

I

{¶14} In her first assignment of error, Wife maintains the trial court abused its discretion in failing to include all of Husband's income in its child support computation.

{¶15} A trial court's decision regarding a child support obligation will not be reversed on appeal absent an abuse of discretion. *Pauly v. Pauly,* 80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion is more than an error of law, it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Moreover, as long as the decision of the trial court is supported by some competent, credible evidence, the reviewing court will not disturb it. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 488 N.E.2d 857.

{¶16} A trial court must calculate the amount of child support using the basic child support schedule and the applicable child support computation worksheet. R.C. 3119.02. Here, the trial court appropriately relied on the worksheet set forth in R.C. 3119.022, which applies to situations in which one parent is designated the residential

parent and legal custodian. To complete that worksheet, a trial court must first determine each party's income. For a parent who is employed to full capacity, "income" means "the gross income of the parent." R.C. 3119.01(C)(5). According to R.C. 3119.01(C)(7), "gross income" is "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes * * * self-generated income." R.C. 3319.01(C)(13) defines "self-generated income" as "gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts." "Ordinary and necessary expenses incurred in generating gross receipts" include "actual cash items expended by the parent or the parent's business." R.C. 3119.01(C)(9)(a).

{¶17} Wife submits the trial court abused its discretion in failing to consider income Husband received from K & Z Properties which was evidenced in a 2008 Schedule K-1. The K-1 indicated K & Z Properties had a net income of $23,194.00, in 2008, and Wife argues said amount should be included in Husband's gross income in computing the child support order.

{¶18} While we agree with Wife net income generated by the business should be included in Husband's gross income, we find no evidence to support a determination K & Z Properties had net income prior to 2008, and/or in 2009, or 2010. Husband testified the monies were the result of one time pay backs by Veteran's Administration to a number of the disabled veterans housed at Hilltop Villa.

**{¶19}** Based upon the foregoing, we find the trial court did not abuse its discretion in only utilizing a gross annual income of $33,000 for Husband in calculating child support.

**{¶20}** Wife's first assignment of error is overruled.

II

**{¶21}** In her second assignment of error, Wife contends the trial court abused its discretion in failing to award her spousal support.

**{¶22}** An award of spousal support is in the trial court's sound discretion. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶23}** R.C. 3105.18(C)(1)(a) thru (n) sets forth the factors a trial court must consider in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. These factors include:

**{¶24}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

**{¶25}** "(b) The relative earning abilities of the parties;

**{¶26}** "(c) The ages and the physical, mental, and emotional conditions of the parties;

**{¶27}** "(d) The retirement benefits of the parties;

{¶28} "(e) The duration of the marriage;

{¶29} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶30} "(g) The standard of living of the parties established during the marriage;

{¶31} "(h) The relative extent of education of the parties;

{¶32} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

{¶33} " * * *;

{¶34} "(l) The tax consequences, for each party, of an award of spousal support;

{¶35} "* * *;

{¶36} "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶37} Wife maintains based upon the factors set forth in R.C. 3105.18, an award of spousal support was appropriate. Wife noted the length of the marriage, the affluent life style in which the parties lived, and the fact Husband had a greater income and greater income potential.

{¶38} Based upon our review of the record, we find the trial court did not abuse its discretion in denying Wife's request for spousal support. Both parties acknowledged many of the family expenses were paid by the business prior to the parties' separating. Excess monies in the business accounts were distributed to the parties during the course of the proceedings. Hilltop Villa was not running at full capacity with only

thirteen residents. Although some of the R.C. 3105.18 factors weighed in favor of spousal support, other factors weighed against such an award.

{¶39} Based upon the foregoing, we do not find the trial court abused its discretion by not ordering spousal support. Wife's second assignment of error is overruled.

Cross-appeal

I, II

{¶40} Because Husband's first and second assignments of error in his cross-appeal are interrelated, we shall address said assignments of error together. In his first assignment of error, Husband argues the trial court abused its discretion in omitting an agreed to business debt in determining the total division of marital property and debt. In his second assignment of error, Husband contends the trial court's total division of martial property and debt was against the manifest weight of the evidence. We disagree with both.

{¶41} At the final hearing, both parties testified the Advanta line of credit was used to pay business expenses when cash was unavailable. Both parties acknowledged the balance due was a business obligation. Husband contends the trial court failed to include the Advanta line of credit in the division of marital property and debt.

{¶42} Pursuant to the temporary orders, Husband was responsible for all of the business expenses, which would include payments on the Advanta debt. In the final divorce decree, the trial court awarded all interest in the business to Husband. The trial court also allocated "all business indebtedness…including, but not limited to, any

charge card indebtedness" to Husband.  We find the trial court's use of this general language indicates it considered the Advanta line of credit part of the business indebtedness for which Husband was responsible and apportioned it appropriately as part of its overall division of martial property.

**{¶43}** Husband's first and second assignments of error on cross-appeal are overruled.

**{¶44}** The judgment of the Ashland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ John W. Wise _____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DAVID ZILKO                         :

                                    :

Plaintiff-Appellee/Cross-Appellant   :

                                    :

-vs-                                 :           JUDGMENT ENTRY

                                    :

LISA ZILKO                          :

                                    :

Defendant-Appellant/Cross-Appellee   :         Case No. 10-CA-015

For the reasons stated in our accompanying Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant/Cross-Appellee.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ John W. Wise_____
HON. JOHN W. WISE